UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.:

ERIC PENDER,

    Plaintiff,

v.

TRANS UNION LLC AND SUNBIT NOW, LLC,

    Defendants.
_____/

COMPLAINT

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff, Eric Pender ("Plaintiff"), by and through counsel, files this Complaint against Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), and Defendant Sunbit Now, LLC, ("Defendant Sunbit" or "Sunbit"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DEMAND FOR JURY TRIAL

3.   Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.   Plaintiff is a natural person, and a citizen of the State of Florida, residing in Seminole County, Florida.

5.   Defendant Trans Union is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.   Defendant Sunbit Now, LLC is a Delaware limited liability company whose registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

## GENERAL ALLEGATIONS

7.   This action involves derogatory and inaccurate reporting of alleged Consumer Debts (the "Consumer Debts") by Sunbit to the Credit Reporting Agency, Trans Union LLC.

8.   On or around June 2023, Plaintiff requested a copy of his credit report from Defendant Trans Union. The report listed two Sunbit Accounts (#9944**** and #9945****) (the "Accounts") that were fraudulently opened in his name.

9. Plaintiff filed a police report at the end of August 2023 stating that an unknown subject used his personal information to open fraudulent accounts on his credit report.

10. In or around December 2023, Plaintiff submitted a dispute to Defendant Trans Union requesting that Trans Union remove the Accounts because they were fraudulently opened in his name and did not belong to him.

11. In or around December 2023, Defendant Trans Union verified the Accounts as accurate despite receiving evidence from Plaintiff that the Accounts were fraudulent.

12. Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendant Trans Union and furnished by Defendant Sunbit.

13. As of the filing of this complaint, Defendant Trans Union is still reporting the Accounts on Plaintiff's credit report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

14. Plaintiff incorporates by reference paragraphs ¶¶ 1-13 of this Complaint.

15. Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of the Accounts with Defendant Trans Union and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Trans Union, a consumer reporting agency.

16. In or around early June of 2023, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Trans Union. Therefore, in or around June of 2023, Plaintiff disputed this inaccurate and derogatory information to Trans Union.

17. Defendant Sunbit verified the Accounts in the amount $212 and $106. Despite Trans Union having been put on notice of the fraudulent and inaccurate reporting, Trans Union did not remove the Accounts from Plaintiff's Trans Union credit report.

18. As of the filing of this complaint, Defendant Sunbit's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

19. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

20. Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

21. Despite Defendant Trans Union having received Plaintiff's dispute of the Accounts, Trans Union continues to report the Accounts with an outstanding unpaid balance from Sunbit.

22. Continuing to report the status of the Accounts in this fashion is significant.

23. By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

24. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

25. Trans Union failed to conduct a reasonable investigation and reinvestigation.

26. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

27. Trans Union failed to conduct an independent investigation and, instead, deferred to Sunbit, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

28. Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information.

29. Trans Union's reporting of inaccurate information about the Accounts, which are the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

30. Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Sunbit despite being in possession of evidence that the information was inaccurate.

31. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

32. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

33. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

34. Trans Union failed to establish or follow reasonable procedures to

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

35. Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

36. Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify

information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

37. The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

38. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

39. The appearance of the accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

40. As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

41. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages

pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

42. Plaintiff incorporates by reference paragraphs ¶¶ 1-13 above of this Complaint.

43. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

44. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

45. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

46. Additionally, Trans Union negligently failed to report the Accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

47. Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

48. The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

49. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

50. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

51. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Sunbit)

52. Plaintiff incorporates the allegations regarding the Accounts and Defendant Sunbit in paragraphs ¶¶ 1-13 and by reference of this Complaint.

53. Defendant Sunbit is a company specializing in providing lines of credit and loans to consumers.

54. In or about June of 2023, Plaintiff checked his credit report and noticed

that there was an inaccurate and fraudulent reporting from Defendant Sunbit.

55. In or about December of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Trans Union by Defendant Sunbit.

56. In response to the Dispute, Defendant Trans Union promptly and properly gave notice to Defendant Sunbit of the Dispute in accordance with the FCRA.

57. As of the filing of this complaint, the debt has continued to be verified by Defendant Sunbit.

58. Defendant Sunbit is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

59. On a date better known by Defendant Sunbit, Defendant Trans Union promptly and properly gave notice to Defendant Sunbit of Plaintiff's Disputes in accordance with the FCRA.

60. In response to the notices received from Defendant Trans Union regarding Plaintiff's Dispute, Defendant Sunbit did not and otherwise failed to conduct a reasonable investigation into the Accounts which are the subject of the Dispute.

61. In response to receiving notice from Defendant Trans Union regarding

PAGE | 12 of 17
LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff's Dispute, Defendant Sunbit failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Trans Union could not otherwise verify.

62. Instead of conducting a reasonable investigation, Defendant Sunbit erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendant Trans Union.

63. On at least one occasion within the past year, by example only and without limitation, Defendant Sunbit violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

64. On at least one occasion within the past year, by example only and without limitation, Defendant Sunbit violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Trans Union.

65. On at least one occasion within the past year, by example only and without limitation, Defendant Sunbit violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Trans Union about the inaccurate information.

66. Upon information and belief, Defendant Sunbit was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

PAGE | 13 of 17
LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

67. Defendant Sunbit's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

68. As a direct and proximate result of Defendant Sunbit's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

69. Defendant Sunbit's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Sunbit, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Sunbit)

71. Plaintiff incorporates the allegations regarding the Accounts and Defendant Sunbit in paragraphs ¶¶ 1-14 by reference of this Complaint.

72. On at least one occasion within the past year, by example only and without limitation, Defendant Sunbit violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

73. On one or more occasions within the past year, by example only and without limitation, Defendant Sunbit violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

74. On one or more occasions within the past year, by example only and without limitation, Defendant Sunbit violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

75. When Defendant Sunbit received notice of Plaintiff's dispute from Defendant Trans Union, Defendant Sunbit could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

76. Defendant Sunbit would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant Sunbit had reviewed its own systems and previous communications with

the Plaintiff.

77. Defendant Sunbit's investigation was per se deficient by reason of these failures in Defendant Sunbit's investigation of Plaintiff's Dispute.

78. As a direct and proximate result of Defendant Sunbit's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

79. Defendant Sunbit's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

80. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Sunbit awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: January 12, 2024

                        Respectfully Submitted,

                        /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:  jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:  jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | 17 of 17

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com